Jose Luis LUNA, Petitioner—Appellant,

v.

Anthony LAMARQUE, Respondent—
Appellee.

No. 06–16823.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Submission Withdrawn Oct. 23, 2007.

Resubmitted April 22, 2008.

Filed April 28, 2008.

by 9th Cir. R. 36–3.

J. Bradley O'Connell, Esq., First District Appellate Project, San Francisco, CA, for Petitioner–Appellant.

Jose Luis Luna, Soledad, CA, pro se.

Jill M. Thayer, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The issue in this case is whether all or part of a tape-recorded interrogation was properly admitted into evidence. In 2000, Jose Luis Luna was sentenced to 170 years to life in prison based on his conviction for several offenses committed against a minor over a period of about two weeks. He was convicted on sixteen counts and acquitted of the other charges against him. He was given consecutive 15–years–to–life terms for each of six acts and consecutive eight-year determinate sentences for each of ten acts. *See* Cal.Penal Code §§ 269(a)(4)–(5), 288(b)(1). Even with the admission of Luna's entire tape-recorded statement, the evidence against him was somewhat equivocal. Indeed, the prosecution, in final argument, admitted to the jury that the detective who had conducted the interview with Luna (and who had also interviewed the minor) believed that the evidence did not warrant prosecution.

Luna appealed, alleging *Miranda* and *Apprendi* violations. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(1966); *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The California Court of Appeal modified Luna's restitution fine but otherwise affirmed in an unpublished opinion, and the California Supreme Court denied Luna's petition for review. Luna filed a habeas petition in 2002 pursuant to the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) ("AEDPA"). The district court denied his petition in 2006. We review that decision *de novo. Taylor v. Maddox,* 366 F.3d 992, 997 (9th Cir. 2004).

We do not agree with Luna that the trial court should have excluded all of the statements he made during the interrogation. Applying AEDPA's "highly deferential" review, we cannot conclude that the California Court of Appeal unreasonably applied *Miranda* and its progeny in holding that Luna failed to unambiguously invoke his right to counsel during the early parts of his interrogation. *See Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994); *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003).

■ However, partway through the interview Luna unmistakably invoked his right to counsel. He asked, "Are you my lawyer?" The interviewing detective responded that she was not. Luna then stated, "I need a lawyer and I need help." The detective did not ask a clarifying question but instead proceeded with questioning Luna about his conduct toward the minor. The California Court of Appeal unreasonably applied United States Supreme Court precedent in holding that Luna had insufficiently indicated his desire to have counsel. *See Davis,* 512 U.S. at 459, 114 S.Ct. 2350; *McNeil v. Wisconsin,* 501 U.S. 171, 178, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); *Smith v. Illinois,* 469 U.S. 91, 97–99, 105 S.Ct. 490, 83 L.Ed.2d 488 (1984); *Edwards v. Arizona,* 451 U.S.

477, 483–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Our recent decision in *Anderson v. Terhune,* 516 F.3d 781, 787 & n. 3 (9th Cir.2008) (en banc), clearly lays out the relevant law.

■ Before invoking his right to counsel, Luna had admitted to only a single incident. Only later did Luna possibly admit to other acts. The error of admitting evidence obtained after the invocation was harmless with regard to the single lewd act Luna described before invoking his right to counsel, and we therefore affirm the district court as to Luna's conviction for one count of a lewd act on a minor, for which he is now serving an eight-year sentence. *See Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The error, however, was not harmless with regard to his convictions as to the remaining counts, as those convictions were based on conduct Luna described after invoking his right to counsel. Accordingly, we reverse the district court's denial of Luna's petition as to his remaining convictions. This holding obviates his *Apprendi* challenge.

AFFIRMED in part and REVERSED in part. REMANDED to the district court for appropriate action.